OPINION
{¶ 1} Defendant-appellant Travelers Insurance Company ("Travelers") appeals the February 3, 2003 Judgment Entry of the Stark County Court of Common Pleas, which granted summary judgment in favor of plaintiffs-appellees Peggy McCollam, individually, and as Administrator of the Estate of Thomas H. Benedict, Jr. and denied Travelers' motion for summary judgment.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} On March 24, 1996, Thomas Benedict, Jr. ("Decedent") died as a result of a motorcycle accident, while riding as a passenger on a motorcycle owned by Sean Goodrich and operated by Wesley Bennett. The motorcycle collided with another vehicle owned and operated by John Alge. Appellees allege the accident was caused by the negligence of both Bennett and Alge.
 {¶ 3} Both Bennett and Goodrich were uninsured at the time of the accident. Alge had automobile liability insurance through Westfield Insurance Company with a liability limit amount of $100,000 per person, $300,000 per accident.
 {¶ 4} Decedent resided with his mother, Peggy McCollam ("McCollam"), at the time of the accident. He was unemployed and uninsured. McCollam was divorced and living separately from Decedent's father, Thomas Benedict, Sr. ("Benedict"). McCollam was insured by State Farm Insurance Company, which provided UM/UIM coverage with limits of $100,000 per person.
 {¶ 5} McCollam is the duly appointed fiduciary of Decedent's estate. In her capacity as fiduciary, McCollam settled with and released Alge, and his insurance carrier, for the entire liability limit of $100,000. Appellees did not provide notice, nor did they obtain consent from, Travelers prior to settlement. The Stark County Probate Court approved the settlement, and distributed the proceeds equally between McCollam and Benedict. Appellees did not obtain a judgment against Bennett, nor did they settle with him.
 {¶ 6} At the time of the accident, McCollam was laid off from her employment with Central Allied Enterprises, Inc. ("Central Allied"). McCollam had been employed with Central Allied for eleven years. Every year Central Allied customarily and temporarily laid off their employees, including McCollam, from around Thanksgiving until sometime in March. The layoff was temporary, not permanent. On the date of the accident, Peggy McCollam was scheduled to return to work within two weeks.
 {¶ 7} During the temporary layoff, McCollam and other Central Allied employees were paid for holidays occurring during the layoff period, and received full health benefits. McCollam continued to receive additional benefits owed to her under the collective bargaining agreement between her union and Central Allied, including life insurance and disability insurance. Employees were required to report to an eight hour safety meeting during the temporary layoff period. Attendance at the meeting was mandatory and a condition for continued employment. Each employee received a full year of seniority despite the layoff, and their pensions were not disturbed. During the layoff period, the employees were available on standby for work, if requested by Central Allied. Following her son's death, McCollam received three days funeral leave, even though she had not yet returned to work.
 {¶ 8} On March 24, 1996, Central Allied was insured under three separate policies of insurance issued by Travelers: a business auto policy, expressly providing UM/UIM coverage in the amount of One Million Dollars ("Business Auto Policy"); a commercial excess/umbrella liability policy, providing liability coverage in the amount of Fifteen Million Dollars ("Umbrella Policy"); and a commercial general liability policy, providing liability coverage in the amount of One Million Dollars ("CGL Policy").
 {¶ 9} On May 25, 2001, appellees first notified Travelers of the accident, and their intent to seek Ohio UM/UIM coverage. Subsequently, appellees, Peggy McCollam, individually and as Administrator of the Estate of Thomas H. Benedict, Jr., Thomas H. Benedict, Sr., and Herbert and Lillian Benedict filed a declaratory judgment action seeking uninsured/underinsured coverage under the above policies and those of other insurers not parties to this appeal.
 {¶ 10} The parties each filed a motion for summary judgment. On February 3, 2003, the trial court, via Judgment Entry, granted appellees' motion for summary judgment in all respects. The court found Peggy McCollam, in her individual capacity, Decedent and his Estate were UM/UIM insureds and entitled to UM/UIM benefits under Travelers' Business Auto and Umbrella policy, issued to Central Allied. The trial court also found McCollam, in her individual capacity, was a UM/UIM insured and entitled to UM/UIM benefits under the Travelers' CGL Policy issued to Central Allied.
 {¶ 11} It is from the February 3, 2003 Judgment Entry, Travelers now appeals raising the following assignment of error:
 {¶ 12} "I. The trial court committed reversible error in entering declaratory judgment that plaintiff-appellee was entitled to Ohio uninsured/underinsured motorists ("UM/UIM") coverage from defendant-appellant travelers."
 {¶ 13} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36.
 {¶ 14} Civ.R. 56(C) states, in pertinent part:
 {¶ 15} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 16} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280.
 {¶ 17} It is based upon this standard we review Travelers' assignment of error.
 I {¶ 18} Traveler's sole assignment of error is sustained on the authority of Westfield Ins. Co. v. Galatis, 100 Ohio St.3d ___,2003-Ohio-5849; and In Re Uninsured Underinsured Motorist CoverageCases, 100 Ohio St.3d ___, 2003-Ohio-5888.
 {¶ 19} The February 3, 2003 Judgment Entry of the Stark County Court of Common Pleas is reversed.
Hoffman P.J., Farmer, J. and Boggins, J. concur.